IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDELL REESE and KAREN REESE, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:23-cv-524-N-BN |
| WELLS FARGO BANK NA and BRECKENRIDGE PROPERTY FUND 2016 LLC, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States Chief Judge David C. Godbey. *See* Dkt. No. 3.

Defendant Breckenridge Property Fund 2016, LLC has filed a motion for summary judgment. *See* Dkt. No. 35.

Plaintiff Wendell Reese, appearing *pro se*, filed a response, *see* Dkt. No. 41, and Breckenridge filed a reply, *see* Dkt. No. 43.

For the reasons explained below, the undersigned construes the motion, in part, as a Federal Rule of Civil Procedure 12b)(1) motion to dismiss for lack of jurisdiction and recommends that the Court grant the motion to dismiss.

**Background**

Breckenridge bought real property located at 508 Lilac Lane in DeSoto, Texas

at a foreclosure sale. *See* Dkt. No. 35-1 at 5. It then commenced eviction proceedings against the prior owners, Wendell Reese and Karen Reese.

Breckenridge purchased the property on January 4, 2022. *See id.*

Breckenridge filed an eviction lawsuit in Justice of the Peace Court on February 17, 2022. *See id.* at 21. The Court entered "Final Judgment Eviction," awarding Breckenridge possession of the property. *See id.* at 25.

Plaintiffs appealed the Justice of the Peace Court's judgment to the County Court at Law on March 30, 2022. *See id.* at 26. The County Court at Law entered Final Judgment, awarding Breckenridge possession of the property. *See id.* at 34-35.

Plaintiffs appealed the County Court at Law's final judgment to the Court of Appeals on June 9, 2022. *See id.* at 37-38. The Court of Appeals dismissed the appeal on September 23, 2022. *See id.* at 41.

Plaintiffs filed this lawsuit against Wells Fargo, which had foreclosed on the property, and Breckenridge in Dallas County District Court on January 24, 2023.

As to Breckenridge, Plaintiffs sought injunctive relief to prevent Breckenridge from evicting Plaintiffs from the property. *See* Dkt. No. 1-4.

Breckenridge filed a plea to the jurisdiction, asserting that "[t]his Court does not have jurisdiction in this case because Plaintiff is trying to have this Court sit as an appellate court over claims that have already been tried to a final judgment in another case (and, incidentally, have already been taken up on appeal by Plaintiff.)." Dkt. No. 1-6 at 2.

The Court of Appeals issued its mandate on February 6, 2023, sending the

eviction appeal back to the County Court at Law. *See* Dkt. No. 35-1 at 44.

On February 9, 2023, the County Court at Law issued a writ of possession, commanding the Dallas County Constable to deliver possession of the property to Breckenridge. *See id*. at 46-47.

On February 15, 2023, the Dallas County District Court denied Plaintiff's request for a temporary injunction. *See id*. at 19.

On March 1, 2023, Breckenridge, with the aid of the Dallas County Constable, evicted Plaintiffs from the property. *See id*. at 3.

On March 8, 2023, Wells Fargo removed the District Court case to this Court under 28 U.S.C. §§ 1331, 1332, 1441 and 1446. *See* Dkt. No. 1. In the Notice of Removal, Wells Fargo asserted Section 1331 federal question jurisdiction because Plaintiffs assert a claim for violations of the Real Estate Settlement and Procedures Act ("RESPA"), a federal statute, and that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' state law claims. *See id*. at 6-7.

And Wells Fargo alleged that the Court also has Section 1332(a) diversity jurisdiction. *See id*. at 7-9. Wells Fargo asserted that Breckenridge was improperly joined or was a nominal, unnecessary, or formal party only. *See id*. at 3. Wells Fargo argued that Plaintiffs had not asserted any allegations of wrongdoing or claims against Breckenridge and could not state any claims against Breckenridge because of the state court's final judgment in the eviction case. *See id*. at 4-5. But, Wells Fargo asserted, "if Breckenridge's citizenship is considered, it is diverse." *Id*. at 8.

Plaintiffs filed an amended complaint on March 24, 2023. *See* Dkt. No. 8.

Plaintiffs seek injunctive relief to enjoin Breckenridge from evicting them from the property. *See id.*

Breckenridge now moves for summary judgment. *See* Dkt. No. 35. Breckenridge argues that the Court should grant summary judgment or dismiss Plaintiffs' claims for injunctive relief against Breckenridge for lack of jurisdiction due to mootness and because the Rooker-Feldman doctrine prevents this court from adjudicating claims that have already been litigated to a final decision in a Texas court. Breckenridge also argues that the Court should grant summary judgment because Plaintiffs' claims are precluded by the Anti-Injunction Act and claim preclusion, and, alternatively, there is no evidence to support Plaintiffs' claims and Plaintiffs cannot show the foreclosure was wrongful.

The Court now determines that it does not have jurisdiction over Breckenridge. The undersigned construes the portion of Breckenridge's motion for summary judgment challenging the Court's jurisdiction as a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of jurisdiction.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*

*Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (cleaned up). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). The plaintiff must demonstrate standing for each claim and form of relief sought. *See DaimlerChrysler Corp. v. Duno,* 547 U.S. 332, 352 (2006) (noting that "our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press" and that "[w]e have insisted ... that a plaintiff must demonstrate standing separately for each form of relief sought" (cleaned up)).

The United States Court of Appeals for the Fifth Circuit recognizes a

distinction between a "facial" attack to subject matter jurisdiction, which is based only on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

But, on a factual attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction,

the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

"The existence of subject matter jurisdiction is determined at the time of removal." *In re Bissonnet Inv. LLC*, 320 F.3d 520, 525 (5th Cir. 2023). To make this determination, the Court considers the claims in the state court petition as they existed at the time of removal. *See Juanopulos v. Salus Claims Mgmt. LLC*, 518 F. Supp. 3d 973, 975 (S.D. Tex. 2021) (citing *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002)).

"As a general rule, standing must exist at the time an action is filed,"

*Guajardo v. Air Exp. Int'l, USA, Inc.*, No. 3:12-cv-815-L, 2012 WL 2886672, at *2 (N.D. Tex. July 16, 2012), or, in a removed case, "at the time of removal," *Buras v. Hill*, No. 4:22-CV-753-SDJ, 2023 WL 4234393, at *1 (E.D. Tex. June 28, 2023). And, "[a]t its core, ripeness is a matter of timing that serves to prevent courts from entangling themselves in cases prematurely." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 312 (5th Cir. 2021); *accord Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) ("A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. That is, ripeness is a constitutional prerequisite to the exercise of jurisdiction." (cleaned up)).

"[B]ut Article III demands that an 'actual controversy' persist throughout all stages of litigation." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013). And, so, "[t]he mootness doctrine … considers whether the present or threatened injury required for standing continues to exist." *Consumer Data Indus. Ass'n v. Tex. through Paxton*, No. 21-51038, 2023 WL 4744918, at *3 n.6 (5th Cir. July 25, 2023) (cleaned up; citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189-94 (2000)).

## Analysis

"As a threshold matter, the Court need not address whether [Wells Fargo] established improper joinder where [Wells Fargo has] established that subject-matter jurisdiction lies under 28 U.S.C. § 1331 based on [Plaintiffs'] alleged RESPA claim[] and under 28 U.S.C. § 1367(a) over the remaining state law claims." *Keyes v. Wells Fargo Bank, N.A.*, No. 3:20-cv-633-G-BN, 2020 WL 4228168, at *4

(N.D. Tex. June 23, 2020), *rep. & rec. adopted*, 2020 WL 4220459 (N.D. Tex. July 22, 2020). And any alleged "failure to obtain consent to removal or to join all served defendants in the notice of removal as required by 28 U.S.C. § 1446(b)(2)(A) is not a jurisdictional defect but is, instead, a waivable procedural defect." *LWL Constr., LLC v. Countrywide Home Loans, Inc.*, No. CA H-15-3379, 2016 WL 413271, at *2 (S.D. Tex. Feb. 2, 2016). And Plaintiffs waived any such defect by failing to move to remand within 30 days of removal. *See Weekes v. Allstate Fire & Cas. Ins. Co.*, 690 F. Supp. 3d 599, 605 (N.D. Tex. 2023).

But Breckenridge contends that the Court no longer has subject matter jurisdiction because Plaintiffs' claims against it became moot when they were evicted from the property.

"It is well-settled, that mootness is a threshold jurisdictional inquiry." *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004) (hereinafter, "*LEAN*") (citing *Deakins v. Monaghan*, 484 U.S 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.")). "In general, a claim becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *LEAN*, 382 F.3d at 581 (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)) (additional citations omitted).

"'A request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined.'" *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415 (5th Cir. 2013) (quoting *Harris v. City of Houston*, 151 F.3d 186, 189 (5th

Cir. 1998)). Here, the thing to be enjoined – eviction from the property – happened during the pendency of this lawsuit. Thus, Plaintiffs' claims for injunctive relief against Breckenridge are now moot.

The Court also lacks jurisdiction because the *Rooker-Feldman* doctrine prevents the Court's jurisdiction "to modify or reverse" a state court proceeding. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress.") (quoting *Union Planters Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). Here, Plaintiffs' claims against Breckenridge were litigated to a final judgment in state court, and Plaintiffs exhausted their appeals. This Court does not have jurisdiction to modify or reverse the state court's judgment.

### Recommendation

Defendant Breckenridge Property Fund 2016, LLC's Motion for Summary Judgment [Dkt. No. 35] should be granted, and Plaintiffs Wendell Reese and Karen Reese's claims against Breckenridge should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE